# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARGARET GALLAGHER
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

EAT TO THE BEAT, INC.
d/b/a EAT TO THE BEAT
1415 Laurence Drive
Newbury Park, CA 91320

GLOBAL INFUSION GROUP, INC.
12400 Ventura Boulevard, #356
Studio City, CA 91604

    Defendants.

Civil Action No. _____

# COMPLAINT

1. Defendants manage and host events around the world. In D.C., Defendants primarily focus on events at The Anthem. Plaintiff worked for Defendants as a full-time event planner and operations manager. But while Plaintiff worked for Defendants, she was not paid overtime wages for the hours worked over forty hours per week.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Margaret Gallagher is an adult resident of Virginia.

6. Defendant Eat to the Beat, Inc. is a Delaware corporate entity. It does business as Eat to the Beat. Its principal place of business is located at 1415 Laurence Drive, Newbury Park, CA 91320. Its registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7. Defendant Global Infusion Group, Inc. is a Delaware corporate entity. Its principal place of business is located at 12400 Ventura Boulevard, #356, Studio City, CA 91604. Its registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

**Factual Allegations**

8. Plaintiff worked at Eat to the Beat from approximately October 10, 2017 through approximately June 6, 2019.

9. Plaintiff primarily worked in the District of Columbia.

10. Plaintiff worked at Eat to the Beat as an event planner and operations manager.

11. Plaintiff's job duties at Eat to the Beat primarily consisted of planning events such as concerts and galas, purchasing supplies and materials for the events, organizing contractors such as concessions and caterers, and overseeing event days.

12.     Plaintiff typically and customarily worked between four and seven days per week.

13.     The number of hours Plaintiff worked on a given day depended on whether she oversaw an event on that day.

14.     If there was no event on a particular day, Plaintiff typically and customarily worked between eight and nine hours.

15.     If there was an event on a particular day, Plaintiff typically and customarily worked between fifteen and sixteen hours.

16.     At all relevant times, Defendants paid Plaintiff a daily rate.

17.     Prior to April 1, 2019, the amount Defendants paid Plaintiff depended on whether or not she had an event to oversee.

18.     Prior to approximately April 1, 2019: (a) if there was no event on a particular day, Defendants paid Plaintiff approximately $150.00 per day; (b) if there was an event on a particular day, Defendants paid Plaintiff approximately the following daily rates:

| Approximate Dates | Daily Rate |
| --- | --- |
| Oct. 10, 2017–Nov. 02, 2017 | $220.00 |
| Nov. 03, 2017–Nov. 15, 2017 | $275.00 |
| Nov. 16, 2017–Jun. 12, 2018 | $250.00 |
| Jun. 13, 2018–Mar. 31, 2019 | $275.00 |

19.     Starting on approximately April 1, 2019, Defendants paid Plaintiff approximately $350.00 per day for both event and non-event days.

20.     At all relevant times, Defendants paid Plaintiff by direct deposit.

21.     Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

22.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

23. Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

24. Defendants owe Plaintiff approximately $20,000.00 in overtime wages (excluding liquidated damages).

25. Moreover, Defendants never provided Plaintiff Gallagher with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

26. Plaintiff lost wages in 2017, 2018, and 2019 because she was sick.

27. Defendants should have provided Plaintiff with 2.5 days of paid leave in 2017, 7.0 days of paid leave in 2018, and 5.0 days of paid leave in 2019.

28. For Defendants' failure to provide paid leave, Defendants owe Plaintiff approximately $3,987.50 in lost wages and compensatory damages.

29. Defendants also owe Plaintiff $ 7,250.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

30. At all relevant times, Defendants had the power to hire and fire Plaintiff.

31. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

32. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

33. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

34. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours in any one workweek.

35. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

36. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

37. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

46. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

47. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

48. Defendants' violations of the DCMWA were willful.

49. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

50. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

52. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

53. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

54. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

55. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

56. Defendants' violations of the DCWPCL were willful.

57. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

58. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

59. Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-531.01.

60. The ASSLA requires the following amounts of paid leave:

| 61. Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

62. Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

63. For Defendants' violations of the ASSLA, Defendants owe Plaintiff $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

64. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiff's court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$99,675.70**, and grant the following relief:

    a.    Award Plaintiff $80,000.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff $11,237.50, consisting of the following:

        i.    $3,987.50 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.02(e);

        ii.    $7,250.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

    c.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $8,038.20);

e. Award Plaintiff court costs (currently, $400.00); and

f. Award any additional relief the Court deems just.

Date: October 15, 2019  Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*